**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DERRICK JAVON LINDSEY EL BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:15CV20 |
| ) | |
| FRANK PERRY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On June 2, 2003, in the Superior Court of Stanly County, Petitioner pled no contest to second degree sexual offense, second degree kidnaping, and two counts of misdemeanor assault on a government official, in cases 02CRS50583, 50585, 54025 and 03CR51274, and received consecutive sentences of imprisonment of 116 to 149 months for the sexual offense and 30 to 45 months for the kidnaping, along with concurrent sentences of four months and three months for the two misdemeanor assaults on a government official. (Id., ¶¶ 1-6; Docket Entry 8-3; Docket Entry 8-5.) Petitioner did not appeal. See Lindsey El Bey v. Perry, No. 1:14-cv-827, Docket Entry 1, ¶ 8 (M.D.N.C.).[1]

---

[1] The current Petition does not include responses to numerous questions, including whether Petitioner appealed his conviction. (See Docket Entry 1, ¶ 8.) However, Petitioner previously filed a petition in this Court that did answer the relevant question, see Lindsey El Bey v. Perry, No. 1:14-cv-827, Docket Entry 1, ¶ 8

On September 15, 2008, Petitioner filed a Motion for Preparation of a Stenographic Transcript in the trial court. (Docket Entry 8-6.) The trial court denied the Motion on October 10, 2008. (Docket Entry 8-7.) On July 2, 2014, Petitioner filed a second Motion for Preparation of Stenographic Transcript. (Docket Entry 8-8.) The trial court denied relief again on July 15, 2014. (Docket Entry 8-9.) On July 25, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") with the trial court. (Docket Entry 8-10.)[2] The trial court denied the MAR on August 28, 2014. (Docket Entry 8-11.) Petitioner then sought certiorari review with the North Carolina Supreme Court on September 8, 2014. (Docket Entry 8-12.)[3] The North Carolina Supreme Court dismissed the petition on December 18, 2014. (Docket Entry 8-13.) On September 21, 2014, Petitioner filed a habeas petition in this Court, alleging the same grounds for relief as he does now. See Lindsey El Bey v. Perry, No. 1:14-cv-827, Docket Entry 1

---

(M.D.N.C.), and the Court may take judicial notice of this fact, see Witthohn v. Federal Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006).

[2] Petitioner dated his MAR as filed on July 14, 2014 (Docket Entry 8-10 at 11), but the trial court did not file it until July 25, 2014 (id. at 2). As either date leads to a recommendation of dismissal, the undersigned United States Magistrate Judge need not determine which date controls.

[3] Petitioner dated his certiorari petition as filed on September 3, 2014 (Docket Entry 8-12 at 6), but the court did not file it until September 8, 2014 (id. at 2). As either date leads to a recommendation of dismissal, the undersigned need not determine which date controls.

(M.D.N.C.). The Court (per United States District Judge Thomas D. Schroeder) dismissed the petition without prejudice to allow Petitioner to refile on proper Section 2254 forms. Lindsey El Bey v. Perry, No. 1:14-cv-827, Docket Entry 11 (M.D.N.C.).

Finally, Petitioner signed this Petition, under penalty of perjury, and dated it for mailing on January 1, 2015 (Docket Entry 1 at 14), and the Court stamped and filed the Petition on January 8, 2015 (id. at 1).[4] Respondent moved to dismiss the Petition as untimely (Docket Entry 7), Petitioner responded (Docket Entries 10, 11, 12), and Respondent replied (Docket Entry 13). For the reasons that follow, the Court should grant Respondent's instant Motion because Petitioner submitted his Petition beyond the one-year limitations period.

### **Petitioner's Claims**

The Petition raises six grounds for relief: (1) "Unlawful arrest which is a violation of the (4th) Amendment to the Constitution of the United States, and [A]rticle (1) [S]ection (20) of the North Carolina [C]onstitution" (Docket Entry 1 at 3); (2) "Unlawful [d]etainer which is a violation of the (4th) and (5th) Amendment[s] of the United States Constitution, and Article (1) [S]ection (20) of the North Carolina Constitution" (id. at 4); (3)

---

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on January 1, 2015, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 14.)

3

"Fraudulent Misrepresentation, which is a violation of the (6th) Amendment" because appointed counsel misled Petitioner on his chances of winning at trial (id. at 5-6); (4) "Material Misrepresentation, which is a violation of the (6th) Amendment" because appointed counsel misled Petition on his chances of winning at trial (id. at 7-8); (5) "Ineffective [a]ssistance of coun[sel], which is a violation of the (6th) Amendment of the Constitution of United States, and Article (1) [S]ection (23) of the NORTH CAROLINA CONSTITUTION" because appointed counsel wrongfully convinced Petitioner to plead guilty (id. at 10 (emphasis in original)); and (6) "Slavery & Servitude which is a violation of 'Article (4)' of the Declaration of Human Rights and Article (1) [S]ection (17) of the NORTH CAROLINA CONSTITUTION" (id. at 11 (emphasis in original)).

## **Discussion**

Respondent moves to dismiss the Petition because Petitioner filed his Petition outside of the one-year limitations period, see 28 U.S.C. § 2244(d)(1). (Docket Entry 8 at 3-7.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor Respondent contend that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 1, 7, 8, 10, 13.) However, Petitioner asserts, for reasons detailed below, that the statute of limitations should not prohibit the Court from addressing the merits of his case. (Docket Entry 1 at 13; Docket Entry 10.) Thus, the undersigned must first determine when Petitioner's one-year limitations period expired under subparagraph (A).

Under subparagraph (A), Petitioner's convictions became final, at the latest, on June 16, 2003 - the last day he could have appealed his conviction. See N.C.R. App. P. 4(a)(2) (requiring

5

filing of notice of appeal within fourteen days of entry of judgment); see also Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires).[5] Petitioner's one-year period ran from June 16, 2003, until its expiration on June 16, 2004. Although Petitioner eventually filed a MAR in state court, by that time, the limitations period had run, and that belated filing could not toll the statute. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after the federal limitations period do not restart or revive the federal limitations period). Therefore, Petitioner filed his claims untimely.

Despite the Petition's untimeliness, Petitioner requests the Court to address the merits of his Petition. (Docket Entry 1 at 13; Docket Entry 10.) Here, Petitioner argues that the State prevented him from filing an appeal (Docket Entry 1 at 13), AEDPA's limitations period violates the Suspension Clause (Docket Entry 10), and he did not commit the crimes (id. at 4; Docket Entry 11; Docket Entry 12). The undersigned will address each argument in turn.

As to Petitioner's first argument, although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a

---

[5] Because Petitioner pled no contest, he likely possessed no right to appeal. See N.C. Gen. Stat. § 15A-1444 (prescribing the limited grounds of appeal for those who plead no contest).

one-year statute of limitations for habeas claims, see 28 U.S.C. § 2244(d)(1), a court can equitably toll that limitations period, see Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case by case analysis. Id. at 649-50. In this case, Petitioner argues that because he did not plead guilty and a jury did not find him guilty (but, instead, he pled no contest), he could not appeal his conviction. (Docket Entry 10 at 2.) However, Petitioner does not demonstrate how such considerations prevented him from timely filing this Petition, and thus he lacks any entitlement to equitable tolling.

As to Petitioner's second argument, all of the Circuit Courts to address the issue have held that AEDPA's statute of limitations does not violate the Suspension Clause. See, e.g., Hill v. Dailey, 557 F.3d 437, 438 (6th Cir. 2009) (citing cases). This Court should follow the uniform authority and decline equitable tolling on this ground.

As to Petitioner's third, and final, argument, the United States Supreme Court has recognized that a showing of actual innocence may overcome the one-year statute of limitations. McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). However, the Court also recognized that showings of actual

innocence "are rare," and that a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt. Id. In this case, Petitioner provides two self-declarations[6] and an affidavit from himself as support. (Docket Entry 10-4; Docket Entry 11; Docket Entry 12.) Petitioner's proffered support does not satisfy the Schlup exception. See Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). Petitioner cannot rely on unsubstantiated claims of innocence to satisfy Schlup. See Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) ("[A] bare, conclusory assertion that [a petitioner] is actually innocent is not sufficient to invoke the [Schlup] exception. Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted [or untimely] claims." (internal quotation marks omitted)); see also Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *2 (M.D.N.C. Sept. 19, 2014) (unpublished) (Eagles, J.) ("[The petitioner's] conclusory claims now of actual

---

[6] The declarations appear identical. (Compare Docket Entry 11, with Docket Entry 12.)

innocence are insufficient to be credible, even at this preliminary stage."), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014). In other words, Petitioner has not demonstrated that "'it is more likely than not that no reasonable juror would have convicted [him],'" McQuiggin, 133 S. Ct. at 1933 (quoting Schlup, 513 U.S. at 329).

In sum, Petitioner filed the Petition untimely.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 7) be granted, the Petition (Docket Entry 1) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

          /s/ L. Patrick Auld
          **L. Patrick Auld**
    **United States Magistrate Judge**

March 2, 2015